# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDON E. GLOVER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-158-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Lindon E. Glover, Sr., requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a

five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 14, 1960, and was 45 years old at the time of the administrative hearing. He has a general equivalency degree ("GED") and training as an auto mechanic and tractor trailer driver. His past relevant work was as a school bus driver. The claimant alleges that he has been unable to work since December 1, 1996, due to chronic obstructive pulmonary disease, scoliosis, degenerative disc disease, arthritis in his knees, personality disorder, depression, and anxiety.

## Procedural History

On October 23, 2002, the claimant filed an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385, which application was denied. ALJ Larry Weber conducted a hearing and determined that the claimant was not disabled, but the Appeals Council remanded the decision for further review. ALJ Deborah L. Rose conducted another hearing and again determined that the claimant was not disabled in a decision dated November 11, 2007. This time the Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that the claimant retained the residual functional capacity ("RFC") to perform a narrowed range of sedentary work, *i. e.* he can lift/carry 10 pounds frequently and 50 pounds occasionally; walk/stand about 2 hours out of an 8 hour day; sit about 4 hours out of an 8 hour day; occasionally push/pull with the upper extremities and balance, kneel, crouch, crawl and stoop, but never climb ladders, ropes or scaffolds; occasionally operate a vehicle, be exposed to humidity, dust, extreme cold or heat or vibrations; and perform no more than 1 or 2 step instructions or procedures learned within less than 30 days (Tr. 275). The ALJ concluded that although the claimant could not return to his past relevant work, the claimant was nevertheless not disabled because there was work he could perform existing in significant numbers in the national economy, *e. g.*, cashier, assembler, and hand worker (Tr. 280).

**Review**

The claimant contends that the ALJ erred: (1) by failing to account for his daily nebulizer use; and (2) by failing to ask the vocational expert ("VE") if such use would affect the claimant's ability to work. The Court finds that the ALJ *did* commit error in this regard, and the decision of the Commissioner must therefore be reversed.

The claimant testified at the administrative hearing that he used a nebulizer with albuterol three to four times a day and that each treatment lasted eight to fifteen minutes (Tr. 373-374). The ALJ later posed two hypothetical questions to the vocational expert

-4-

("VE"), one with only the above-described RFC and the other with added "impairments or symptoms that caused [the claimant] to need to take unscheduled breaks in excess of normal tolerances." The VE testified that there was work the claimant could perform with his RFC, but not with the additional limitations (Tr. 389-91).

The ALJ discussed the claimant's administrative hearing testimony at various points her written decision, finding it generally unbelievable: "Having canvassed the claimant's hearing testimony, along with other record evidence, I find that his complaints of adverse symptomatology are just not believable to the extent alleged." (Tr. 279). The ALJ *did not*, however, mention the claimant's testimony about using a nebulizer anywhere in her written decision. The ALJ *did* pose a hypothetical question to the VE incorporating limitations that were not included in the claimant's RFC during the administrative hearing, but the vague reference to "impairments or symptoms that caused [the claimant] to need to take unscheduled breaks in excess of normal tolerances" (Tr. 389) did not relate with precision to the claimant's testimony about using a nebulizer for eight to fifteen minutes three to four times a day. *See, e. g., Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."), *quoting Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990). The Court is therefore unable to determine whether the ALJ *ever* considered this testimony by the claimant. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) (observing that although the ALJ need not discuss every item of evidence, "[t]he record must

demonstrate that the ALJ *considered* all of the evidence").

Even if the ALJ did consider the claimant's testimony about using a nebulizer, she nevertheless erred by failing to discuss it in her written decision. If the hypothetical about "impairments or symptoms that caused [the claimant] to need to take unscheduled breaks in excess of normal tolerances" (Tr. 389) was intended to incorporate any need by the claimant to use a nebulizer at work, and the ALJ omitted such limitations from the claimant's RFC because she found them inappropriate, she should have discussed the claimant's testimony about needing a nebulizer because it was clearly inconsistent with her conclusion that the claimant was not disabled, *i. e.*, the VE testified that with the additional limitations, there was no work the claimant could perform. *See, e. g., Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative."). *See also Clifton,* 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). And if the ALJ simply concluded that the claimant's need to use a nebulizer would not preclude him from performing work (which seems unlikely), she should certainly have explained why. *See, e. g., Klitz v. Barnhart*, 180 Fed. Appx. 808, 810 (10th Cir. 2006) ("Although the ALJ acknowledged Ms. Klitz's use of the nebulizer, he never addressed any effect it might have on her ability to work. . . . . The fifteen to twenty-five minute process of using the nebulizer one or two times a day on

two or three days a week may be disruptive of a normal work day and affect [a claimant's] ability to perform the jobs the VE identified and on which the ALJ based his decision."), *citing Eback v. Chater*, 94 F.3d 410, 411-12 (8th Cir. 1996) (discussing how the particularities of a claimant's need to use a nebulizer could affect the ability to perform all the duties of a job).

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. If on remand the ALJ decides to modify the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 17th day of September, 2009.

                              **STEVEN P. SHREDER**
                              **UNITED STATES MAGISTRATE JUDGE**